UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

Eriel Mason,
Jane Doe (a minor),
and other similarly situated individuals,

     Plaintiffs,

v.

Protective Enterprises Public Safety, LLC,
and Marcus D. Williams, individually,

     Defendants,

_____/

**<u>COLLECTIVE ACTION COMPLAINT</u>**
(OPT-IN PURSUANT TO 29 USC § 216(b))

     Comes now the Plaintiffs Eriel Mason and Jane Doe and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Protective Enterprises Public Safety, LLC and Marcus D. Williams, individually and alleges:

<u>Jurisdiction Venues and Parties</u>

1. This is an action to recover money damages for unpaid regular wages and retaliation under the United States laws. Accordingly, this Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Eriel Mason and Jane Doe Eriel Mason are residents of Duval County, Florida. Plaintiffs are covered employees for purposes of the Act.

3. Defendant Protective Enterprises Public Safety, LLC (from now on, Protective Enterprises, or Defendant) is a Florida for Profit Corporation, having a business in Duval County, Florida.

4. Individual Defendant Marcus D. Williams is the owner/partner/and manager of Defendant Corporation Protective Enterprises. This individual Defendant is the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Duval County, Florida, within this Court's jurisdiction.

<u>General Allegations</u>

6. This cause of action is brought by Plaintiffs Eriel Mason and Jane Doe as a collective action to recover from the Defendant minimum wages, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or

after January 2022, (the "material time") without being adequately compensated.

7.  Defendant Protective Enterprises is a for-profit organization dedicated to providing security and surveillance services to residential and commercial accounts. Defendant Protective Enterprises has offices located at 4305 Plymouth Street, Jacksonville, where Plaintiff worked.

8.  Defendants Protective Enterprises and Marcus D. Williams employed Plaintiffs Eriel Mason and Jane Doe as dispatchers. During their time of employment with Defendants, Plaintiffs were not compensated for their working hours adequately.

9.  1.- Claim of Plaintiff Eriel Mason.- Defendants  Protective Enterprises employed Plaintiff Eriel Mason as a non-exempted full-time dispatcher from January 12, March 17, 2022, or 9 weeks. Plaintiff's regular rate was $12.00 an hour.

10. Plaintiff Eriel Mason had an irregular schedule, but she worked regularly and consistently 40 hours weekly.

11. 2.- Claim of Plaintiff Jane Doe.- Defendants Protective Enterprises employed Plaintiff Jane Doe as a non-exempted full-time dispatcher from February 11, 2022, to March 17, 2022, or 5 weeks. Plaintiff's regular rate was $12.00 an hour.

12. Plaintiff Jane Doe worked five days per week, from Wednesdays to Sundays, from 4:00 PM to 12:00 AM (8 hours), or 40 hours weekly.

13. During their employment with Defendants, Plaintiffs Eriel Mason and Jane Doe regularly worked 40 hours weekly. However, Plaintiffs were paid for only 35 hours because Defendants deducted one working hour every day as lunchtime. However, Plaintiffs were unable to to take bonafide lunch breaks and they ate while working.

14. Plaintiff clocked in and out using the app Destiny Patrol. Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiffs were working a minimum of 40 hours without having lunch breaks.

15. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206On or about  (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

16. Plaintiffs were paid bi-weekly with checks and paystubs that did not reflect the actual number of hours worked by Plaintiffs.

17. Plaintiffs were not in agreement with these deductions, and they complained to the owner of the business Marcus D. Williams many times. After each complaint, Plaintiffs suffered harassment in the workplace.

18. Plaintiffs complained about the same issues for the last time on or about March 17, 2022.

19. As a direct result of Plaintiffs' complaints, Defendants fired Plaintiffs Eriel Mason and Jane Doe on or about March 17, 2022.

20. Plaintiffs Eriel Mason and Jane Doe are owed five regular hours that were improperly deducted from their wages every week during their entire period of employment.

21. Plaintiff are not in possession of time and payment records, but they will provide a good faith estimate about her unpaid working hours.

22. Plaintiffs Eriel Mason and Jane Doe seek to recover regular wages for every lunch hour improperly deducted, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

23. Plaintiffs bring this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

24. Plaintiffs contend that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiffs and other similarly situated individuals the proper compensation for every regular and overtime hour as required by the FLSA.

25. This action is intended to include every dispatcher/security employee, and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:
## FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

26. Plaintiffs Eriel Mason and Jane Doe re-adopt every factual allegation as stated in paragraphs 1-25 of this complaint as if set out in full herein.

27. Plaintiffs Eriel Mason and Jane Doe brings this action to recover from the Employer Protective Enterprises unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

28. Defendant Protective Enterprises was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant provides security services and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods or services for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to

which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

29. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs were dispatchers, and through their daily activities, Plaintiffs provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

30. Defendant Protective Enterprises was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

31. USC §206 states, "Every Employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

32. the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

33. Defendants Protective Enterprises and Marcus D. Williams employed Plaintiffs Eriel Mason and Jane Doe as dispatchers. During their time of

employment with Defendants, Plaintiffs were not compensated for their working hours adequately.

34. 1.-Claim of Plaintiff Eriel Mason.- Defendants  Protective Enterprises employed Plaintiff Eriel Mason as a non-exempted full-time dispatcher from January 12, March 17, 2022, or 9 weeks. Plaintiff's regular rate was $12.00 an hour.

35. Plaintiff Eriel Mason had an irregular schedule, but she worked regularly and consistently 40 hours weekly.

36. 2.-Claim of Plaintiff Jane Doe.- Defendants Protective Enterprises employed Plaintiff Jane Doe as a non-exempted full-time dispatcher from February 11, 2022, to March 17, 2022, or 5 weeks. Plaintiff's regular rate was $12.00 an hour.

37. Plaintiff Jane Doe worked five days per week, from Wednesdays to Sundays, from 4:00 PM to 12:00 AM (8 hours), or 40 hours weekly.

38. During their employment with Defendants, Plaintiffs Eriel Mason and Jane Doe regularly worked 40 hours weekly, but Plaintiffs were paid for only 35 hours because Defendants deducted one working hour every day as lunchtime. However, Plaintiffs were unable to to take bonafide lunch breaks and they ate while working.

39. Defendants failed to pay Plaintiffs 5 hours weekly during the period that Plaintiffs worked for them. There is a substantial number of hours that never were paid to Plaintiffs at any rate, not even at the minimum wage rate, as required by law.

40.  Plaintiffs clocked in and out using the app Destiny Patrol. Defendants were in complete control of Plaintiffs' schedule, and they knew that Plaintiffs were working a minimum of 40 hours without having lunch breaks.

41. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206 (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

42. Plaintiffs were paid bi-weekly with checks and paystubs that did not reflect the actual number of hours worked by Plaintiffs.

43. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants.  However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

44. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform

employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

45. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable faith estimate of unpaid wages are as follows:

\* Florida's minimum wage for 2022 is $10.00, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

## 1.- Minimum Wages Claim of Plaintiff Eriel Mason

   a.  Total amount of alleged unpaid wages:

   Four Hundred Fifty Dollars and 00/100 ($450.00)

   b.  Calculation of such wages:

   Total weeks of employment: 9 weeks
   Total relevant week:  9 weeks
   Total hours worked:  40 hours weekly
   Total number of unpaid hours: 5 hours weekly
   Regular rate:  $12.00
   FL Minimum wage rate 2022: $10.00

   FL min. wage $10.00 x 5 unpaid regular hours=$50.00  weekly
   $50.00 weekly x 9 weeks=$450.00


   c.  Nature of wages:

   This amount represents unpaid min. wages at Florida minimum wage rate.

## 2.- Minimum Wages Claim of Plaintiff Jane Doe

a. <u>Total amount of alleged unpaid wages</u>:

Two Hundred Fifty Dollars and 00/100 ($250.00)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 5 weeks
Total relevant week:  5 weeks
Total hours worked:  40 hours weekly
Total number of unpaid hours: 5 hours weekly
Regular rate:  $12.00
FL Minimum wage rate 2022: $10.00

FL min. wage $10.00 x 5 unpaid regular hours=$50.00  weekly
$50.00 weekly x 5 weeks=$250.00

c. <u>Nature of wages</u>:

This amount represents unpaid min. wages at Florida minimum wage rate.

46. Defendants unlawfully failed to pay PlaintiffsEriel Mason and Jane Doe minimum wages.

47. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Plaintiffs and those similarly situated these minimum wages since the commencement of Plaintiffs and those similarly situated employee's employment with Defendants as set

forth above. Plaintiffs and those similarly situated are entitled to recover double damages.

48. At times mentioned, individual Defendant Marcus D. Williams was the owner/partner, and he directed Protective Enterprises's operations. Defendant was the employer of Plaintiffs and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of Protective Enterprises concerning its employees, including Plaintiffs and others similarly situated. Defendant Marcus D. Williams had financial and operational control of the business and provided Plaintiff with her work schedule. He is jointly and severally liable for Plaintiffs' damages.

49. Defendants Protective Enterprises and Marcus D. Williams willfully and intentionally refused to pay Plaintiffs minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff these minimum wages since the commencement of Plaintiffs' employment with Defendants.

50. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorney's fees.

<u>Prayer for Relief</u>

Wherefore, Plaintiffs Eriel Mason and Jane Doe  and those similarly situated respectfully request that this Honorable Court:

A.  Enter judgment for Plaintiffs Eriel Mason and Jane Doe  and against the Defendants Protective Enterprises and Marcus D. Williams based on Defendant's willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiffs Eriel Mason and Jane Doe actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C.  Award Plaintiffs Eriel Mason and Jane Doe  an equal amount in double damages/liquidated damages; and

D.  Award Plaintiffs Eriel Mason and Jane Doe  reasonable attorneys' fees and costs of suit; and

E.  Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiffs Eriel Mason and Jane Doe and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY CONSTRUCTIVE

## DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS

51. Plaintiff Eriel Mason re-adopts every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

52. Defendant Protective Enterprises was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

53. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiffs were security employeed, and through their daily activities, Plaintiffd provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

54. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

55. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the

employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

56. 29 USC § 206 (a) (1) states "….an Employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce…." [29 U.S.C. § 206 (a) (1)].

57. Likewise, 29 USC 215(a)(3) states… it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,……"

58. Defendants Protective Enterprises and Marcus D. Williams employed Plaintiffs Eriel Mason and Jane Doe as dispatchers. During their time of employment with Defendants, Plaintiffs were not compensated for their working hours adequately.

59. 1.- Claim of Plaintiff Eriel Mason.- Defendants  Protective Enterprises employed Plaintiff Eriel Mason as a non-exempted full-time dispatcher from January 12, March 17, 2022, or 9 weeks. Plaintiff's regular rate was $12.00 an hour.

60. Plaintiff Eriel Mason had an irregular schedule, but she worked regularly and consistently 40 hours weekly.

61. 2.- Claim of Plaintiff Jane Doe.- Defendants Protective Enterprises employed Plaintiff Jane Doe as a non-exempted full-time dispatcher from February 11, 2022, to March 17, 2022, or 5 weeks. Plaintiff's regular rate was $12.00 an hour.

62. Plaintiff Jane Doe worked five days per week, from Wednesdays to Sundays, from 4:00 PM to 12:00 AM (8 hours), or 40 hours weekly.

63. During their employment with Defendants, Plaintiffs Eriel Mason and Jane Doe regularly worked 40 hours weekly. However, Plaintiffs were paid for only 35 hours because Defendants deducted one working hour every day as lunchtime. However, Plaintiffs were unable to to take bonafide lunch breaks and they ate while working.

64. Plaintiff clocked in and out using the app Destiny Patrol. Defendants were in complete control of Plaintiff's schedule, and they knew that Plaintiffs were working a minimum of 40 hours without having lunch breaks.

65. Therefore, Defendant willfully failed to pay Plaintiff regular hours in violation of Section 206On or about  (a) of the Fair Labor Standards Act of 1938 (29 USC 206(a)(1).

66. Plaintiffs were not in agreement with these deductions, and they complained to the owner of the business Marcus D. Williams many times. After each complaint, Plaintiffs suffered harassment in the workplace.

67. These complaints constituted protected activity under the FLSA.

68. Plaintiffs complained about the same issues for the last time on or about March 17, 2022.

69. As a direct result of Plaintiffs' complaints, Defendants fired Plaintiffs Eriel Mason and Jane Doe on or about March 17, 2022.

70. As a retaliatory action Defendants paid Plaintiff Jane Doe her last check at the reduced rate of $7.25 an hour instead of her established rate of $12.00 an hour.

71. At all times during her employment, Plaintiffs performed their work satisfactorily. There was no reason other than unlawful employment practices to discharge Plaintiffs.

72. At times mentioned, individual Defendant Marcus D. Williams was the owner/partner, and he directed Protective Enterprises' operations. Defendant Marcus D. Williams was the employer of Plaintiff and others similarly situated individuals within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of Protective Enterprises concerning its employees, including Plaintiff and others similarly situated. Defendant Marcus D. Williams had financial and operational control of the business

and provided Plaintiff with her work schedule. He is jointly and severally liable for Plaintiff's damages.

73. There is close proximity between Plaintiffs' protected activity and their discharge.

74. The motivating factor which caused Plaintiffs' termination as described above was their complaints seeking unpaid regular wages from Defendants. In other words, Plaintiffs would not have been discharged but for their complaints about unpaid regular wages.

75. Defendants' termination of Plaintiffs was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiffs have been damaged.

76. Plaintiffs Eriel Mason and Jane Doe have retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay reasonable attorneys' fees.

<u>Prayer For Relief</u>

Wherefore, Plaintiffs Eriel Mason and Jane Doe  respectfully request that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B.  Enter judgment against Defendants Protective Enterprises and Marcus D. Williams that Plaintiffs Eriel Mason and Jane Doe recover compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C.  That Plaintiffs recovers an award of reasonable attorney fees, costs, and expenses.

D.  Order the Defendants Protective Enterprises and Marcus D. Williams  to make whole the Plaintiffs by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E.  Plaintiffs Eriel Mason and Jane Doe further pray for such additional relief as the interests of justice may require.

Demand for a Jury Trial

Plaintiffs demand trial by a jury of all issues triable as of right by a jury.

Dated:  July 31, 2022

Respectfully submitted,

By: **_/s/ Zandro E. Palma_**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:        (305) 446-1500
Facsimile:        (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*