UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ERIEL MASON, et al.,

    Plaintiffs,

v.                                              CASE NO. 3:22-cv-821-MMH-MCR

PROTECTIVE ENTERPRISES
PUBLIC SAFETY, LLC, et al.,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the parties' Joint Motion for Approval of Settlement and Dismissal With Prejudice ("Motion") (Doc. 65) and the parties' Settlement Agreement ("Agreement") (Doc. 65-1). For the reasons set forth herein, the Motion is due to be **DENIED without prejudice**.

The Motion, which seeks approval of a 15-page FLSA settlement agreement, is deficient in several respects. First, it is unclear whether the claims of the two Plaintiffs were compromised. The Motion states that "there was no compromise of Plaintiff Couthen's potential FLSA minimum recovery." (Doc. 65 at 5.) The Motion then goes on to state that "Plaintiffs calculated the amount allegedly owed as unpaid minimum wages and liquidated damages and proposed a settlement to Defendants in that

amount," and that Defendants "agreed to pay 100% of Plaintiff's [sic] demand." (*Id.*)  Additionally, the Motion states that "Plaintiffs received a settlement valued at 100% of Plaintiff's [sic] potential recovery." (*Id.* at 7.)  If Plaintiffs' claims were not compromised, the parties should file a stipulation of dismissal in accordance with the Court's prior Order (Doc. 64).  If they were compromised, any new motion must make that clear.

Next, to the extent one or more claims were compromised, the Motion's boilerplate, conclusory assertions regarding the bona fide disputes and the parties' positions are insufficient.  For example, it is unclear what amounts Plaintiffs initially sought, why Plaintiffs compromised their claims, and why such compromise was reasonable under the circumstances.  Thus, more information is needed.

Finally, much of the Motion argues that the Court should approve provisions in the lengthy Agreement that are typically not allowed in FLSA settlement agreements, as made clear by the cases cited by the parties themselves.  (*See* Doc. 65 at 8–13.)  Although not definitively deciding these issues at this time, the undersigned is not inclined to recommend approval of a settlement agreement that contains those provisions.

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 65**) is **DENIED without prejudice**.

2. **On or before January 23, 2025**, the parties shall file either a

joint stipulation of dismissal or a new motion and settlement agreement in accordance with this Order.

**DONE AND ORDERED** in Jacksonville, Florida, on January 9, 2025.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record